**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL PAUL MCDANIEL,

        Petitioner,

v.

STATE OF NEW JERSEY,

        Respondent.

Civil Action No. 11-0267 (MLC)

**O P I N I O N**

**COOPER, District Judge**

    Michael Paul McDaniel petitions for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, without prepaying his filing fee and without submitting an in forma pauperis application.  In no ambiguous terms, McDaniel's Petition indicates that his criminal proceedings are still pending.  [Dkt. entry no. 1, at 1.]

    A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective".  28 U.S.C. § 2254(b)(1) ("AEDPA"); see Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding Supreme Court precedent and AEDPA "mandate that prior to determining the merits of [a] petition, [a court] must consider whether [Petitioner] is required to present . . . unexhausted claims to the [state's] courts").

The exhaustion requirement allows state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519.  A petitioner exhausts state remedies by presenting federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court not required if petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

2

The petitioner generally bears the burden to prove all facts establishing exhaustion.  See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

The Petition here states that McDaniel's criminal proceedings are still pending.  Therefore, he could not have exhausted his claims for the purposes of § 2254 review, and his Petition shall be dismissed, without prejudice, for failure to meet the exhaustion requirement.

Moreover, while the Court can re-qualify the Petition into an application submitted pursuant to 28 U.S.C. § 2241, such application would too be subject to dismissal as unexhausted.

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

(1) federal courts have "pre-trial" habeas corpus jurisdiction;

(2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present . . .;

(3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

McDaniel has alleged no extraordinary circumstances here. Accordingly, habeas relief would not be warranted as to his challenges even if the Petition were construed as a § 2241 application.

As jurisdiction was asserted under 28 U.S.C. § 2254, this Court will determine whether a certificate of appealability ("COA") should issue.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether this Court is correct in its ruling.  Accordingly, no COA shall issue.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    May 26, 2011